Nicholson, C. J.,
delivered the opinion of the court.
This cause was before the court at itsi last term, when *382 the judgment was reversed because the proof failed to sustain the verdict as to the mules and horse alleged to have been taken by Graves. As to. the corn alleged to have been taken, the court expressly waived the expression of any opinion as to. whether there was proof enough to sustain the verdict. The cause has been again tried in the court below, as to the liability of Graves for the corn, and it appears that the same evidence was submitted to the jury as on the former trial, and the jury have found against Graves, and he has appealed.
It appears from the proof that if Graves is liable it is not for having taken the corn, but for having induced Confederate soldiers engaged in foraging, to. take it. The evidence is weak as to his having procured Confederate soldiers to take it. But under the settled rule on this subject, we could not disturb the verdict unless we find in the charge of ,the court some error which may have misled the jury. It appears that Graves was a Confederate soldier, and lived a close neighbor to the plaintiff. The Confederate forces were encamped in the neighborhood, and obtained their supplies from most of the farmers, including those of plaintiff and defendant. The defense was relied on, that as the corn was taken by the Confederate soldiers for supplies, even if defendant was cognizant of the taking, and concerned in it, that he would not be liable. On this branch of the case the judge charged the jury that “if the defendant was a soldier and in the line of his duty as such, and the corn was taken by him or his command when foraging upon the country, or under orders, he may avail himself of this defense under the plea of not guilty, and he would not be liable; but if he was not in the line of his duty, the fact that he was a soldier would not protect him in taking the corn or causing it to be taken.
It appears that having retired, the jury returned and asked for further instructions, when, among other things, the court told them that “if soldiers were in the neighbor *383 hood, defendant would not make himself liable by giving them information that plaintiff had corn, unless he caused them to take it, or advised them to do so.” After this additional charge was given, the jury found for plaintiff. The inference is, that they so found under the charge that if the defendant caused the soldiers to take the corn or advised them to do so, he would be liable. This was virtually telling the jury that defendant would not be in the line of his duty if he caused the soldiers or advised them to take the corn. If the soldiers were foraging for supplies, the defendant, being a soldier, would be strictly in the line of his duty as such soldier in causing or advising the soldiers to procure corn from plaintiff’s farm, if corn was a necessary article of supply, and for so doing he would not be liable.
We are, therefore, of opinion that the last instruction given to the jury was erroneous, and may have misled them. We are also' of opinion that the court erred in refusing to instruct the jury when so requested, that “if the corn was taken by the Confederate soldiers for supplies for the Confederate army, that Graves, the defendant, would not be civilly liable if he recommended said soldiers to take the corn for necessary supplies for their army as forage.” For the errors indicated the judgment is reversed.